## LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* BARNEY GROSS.

DEMAND FOR JURY. *To whom made. Record of demand. What sufficient.* An oral demand on the clerk to place a cause on the jury docket is sufficient, and his entry of the cause on one docket or the other is a sufficient record of what he has done.

### FROM BENTON.

Appeal in error from the Circuit Court of Benton county, CLINTON ADEN, J.

J. C. SWEENEY, S. W. HAWKINS and McCORRY & BOND for Railroad Company.

McADOO & FARMER for Gross.

FREEMAN, J., delivered the opinion of the court.

Only one question is presented for decision in this

Railroad Company v. Gross.

case, that is, whether the case shall be reversed because the motion of defendant to place this case on the non-jury docket and have it heard by the court was not allowed, and the case, in fact, tried by a jury. The facts as shown by the bill of exceptions are, that the suit, which was for killing cattle of plaintiff, was commenced before a justice of the peace, and carried by appeal to the circuit court, at its September term, 1882. It was placed on the jury docket by the clerk at the September term, as the clerk stated to the court on inquiry, on demand of the plaintiff made to the clerk within the first three days of the term, but no other record or minute made of the demand except the fact of putting the case on the docket as demanded. On the cause being called at the January term, 1883, defendant's counsel "moved the court to transfer it to the non-jury docket," there being, as the record says, "no demand on the papers in the cause for a jury." Plaintiff by counsel objecting to this, the court asked the clerk if the plaintiff had demanded a jury, if so, when? The clerk stated, that on the second day of the September term, plaintiff's counsel told him he wanted a jury, but there was no record made of it, but on this request he placed the case on the jury docket as it then stood. Thereupon the court overruled the motion, which is now assigned as error.

The statute on this subject is (M. & V. Code, section 3602): "When any civil suit is brought in any of the courts of record of this State, whether such suit comes to such court by summons or appeal, certio-

*rari,* or otherwise, and which is now triable by a jury, either party desiring a jury shall, in cases of original suits, demand a jury in his first pleading, tendering an issue triable by a jury." The next section is: "In case of all other suits, the demand for a jury shall be made within the first three days of the trial term, and if no such demand is made as aforesaid, and in the manner and time aforesaid, the clerk of the court shall place such cause on the docket to be styled the non-jury docket." It is then provided, that "a failure to demand a jury as aforesaid, shall be deemed and held conclusively an agreement of the parties to submit all issues and questions of fact to the decision of the judge without a jury," and if such demand is made, then the clerk shall place the cause wherein the demand is made, upon a docket styled the "jury docket." The parties may, however, at any time, by consent, change this to either docket.

By section 3662, M. &. V. Code, a provision is made requiring the clerk to keep two dockets, one a "non-jury," and another a "jury docket."

The Referees report the demand of the clerk, and his placing the case on the jury docket, insufficient. They argue, that where the party makes the demand in his pleadings, as is required in the first section quoted, it becomes part of the record, as in other cases, and it would seem that it must be made to the court, which alone can grant it. The argument of the Referees that it should be made to the court, which alone has the power to grant it, is a gratuitous assumption of the question to be settled. In fact, the

Railroad Company *v.* Gross.

the court has no power to refuse the demand when made in the time prescribed, and the Legislature might just as well have provided the clerks should do it, by actually responding to the demand and putting the case on the jury or non-jury docket as demanded, and making this the record evidence of such demand, as in any other way. It may be argued very plausibly that this is the fairest implication to be had from the statute, as there is no judicial act involved, but there is the necessity involved that two dockets shall be made out, and that by the clerk, on which he, not the court, is to place the cases where a jury has been demanded, or has not. This is a duty devolved on him, and one the court has nothing to do with, and when done it would be a part of the record of the court, and show the status of the case as well as if on the minutes, and would be as convenient a place to find this status as if placed on the minutes. It is true, it looks more formal to have an entry on the minutes, but it may be replied, it adds an additional item of cost to the litigant, when compelled to ask the court that which the court has no power to refuse. It is, however, a mere matter of practice as how a thing shall be done, which, if done either way, will serve all the practical purposes of the statute.

The fact that the clerk is required to put the case on the "non-jury docket," if no demand is made in the time prescribed, shows he is the party who is compelled to act on the question, and decide the fact whether a demand has been made. Be this as it may, we can see that grave difficulty may occur in

requiring the demand to be made to the court. Suppose the judge does not attend within the first three days of the term, or suppose he does not attend at all at the term to which the appeal is taken, shall the party be deprived of his right to trial by jury in such a case, as secured by the Constitution? The whole theory of the act is, that this right is waived by agreement of the parties by not making the demand as prescribed. But this waiver or the opposite can not be made if no court is in session, and yet it is imperatively to be made within the first three days of the term, and if no jury is demanded the clerk is required to put the case on the non-jury docket.

For these and other reasons that might be given, we hold a demand of the clerk is sufficient, and his entry on the one docket or the other, the record evidence of what he has done.

The judgment of the court below is affirmed, and the Referees' report set aside.